[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant Ronald M. Judkins appeals from his conviction and sentence, following a jury trial, for Possession of Crack Cocaine, in an amount exceeding ten grams, but not exceeding twenty-five grams. Judkins contends that the trial court erred by denying his motion to suppress evidence, by denying his request for an instruction on the lesser-included offenses of possession of crack cocaine in lesser amounts, and by denying his motion for judgment of acquittal, made at the close of the State's case. We conclude that evidence in the record supports the trial court's conclusion that the inventory search was lawful, that the trial court did not abuse its discretion in denying the motion for instructions on lesser-included offenses, because the evidence in the record did not support those instructions, and that the trial court correctly determined that the State's evidence, viewed in a light most favorable to the State, was sufficient to support a conviction. Accordingly, the judgment of the trial court isAffirmed.
 I
Just after midnight on December 27, 1997, a Dayton police officer, Gavin Larremore, noticed the car in which Judkins was a passenger. Larremore saw that the car was being driven without taillights. Larremore stopped the car in order to cite the driver for a taillight violation. As the car pulled over, Larremore could see Judkins, the passenger, making unusual "back and forth" movements in the front passenger seat. Larremore arrested the driver when he discovered that the driver did not have a license. Larremore noticed that Judkins was not wearing a seatbelt, decided to cite him for that offense, and asked Judkins for identification. Judkins told Larremore that he did not have any identification. Judkins gave Larremore a fictitious name, and said that he did not know his social security number. When asked for his date of birth, Judkins answered May 5, 1978, but when asked how old he was, said that he was eighteen (according to the date of birth he had just given, he would have been nineteen).
Larremore then attempted to verify the name and the date of birth that Judkins had given him but determined that no one was listed with that name and date of birth. Accordingly, Larremore arrested Judkins for the seatbelt violation, in order that bond could be posted at the police station. Judkins and the driver were removed from the car, and placed in the back of the police cruiser.
Because both the driver and passenger were under arrest, and because the car was illegally parked in a high-crime area, Larremore requested that a tow truck be dispatched so that the car could be towed. Larremore testified that departmental policy required that an inventory be taken of the vehicle's contents before it is towed. Larremore began the inventory by first examining the front seat area. When he opened the driver's door he immediately noticed a plastic bag sticking up out of the back of the passenger seat, where Judkins had been sitting. Inside the bag, Larremore could see several clear gel caps containing small, white rocks that he immediately recognized as crack cocaine. Larremore pulled on the bag, and discovered that a second bag, containing even more gel caps, was tied to the first. Larremore recovered eighty-six gel caps, each containing between one to three rocks of what appeared to be crack cocaine.
When Larremore returned to the cruiser, he read Judkins his rights under Miranda v. Arizona (1966) 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694. Then Larremore asked Judkins how much crack he had in the car, to which Judkins answered, "I don't know how much it was." Larremore then asked Judkins if he had attempted to put the bags in the seats so that he would not be caught with the drugs on his person when he left the car, to which Judkins responded, "Yeah."
Judkins was charged with Possession of Crack Cocaine, in an amount greater than ten grams, but not exceeding twenty-five grams. He moved to suppress the evidence, contending that it was obtained as the result of an unlawful search and seizure. Following a hearing, his motion to suppress was denied.
At trial, Michael Wathan, a chemist from the Miami Valley Regional Crime Laboratory, testified that he weighed all of the rocks contained in the gel caps, finding their total weight to be 10.18 grams. Wathan testified that each rock was similar in color, appearance and size. He testified that the scientifically accepted method for testing large quantities of evidence is to take a representative sample based upon a number of items equal to the square root of the whole number, plus one, and then test only that sample. Accordingly, Wathen tested ten of the eighty-six rocks, and confirmed that each rock in the sample was crack cocaine.
At the close of the State's evidence, Judkins moved for a judgment of acquittal, pursuant to Crim.R. 29. His motion was denied. At the appropriate time, Judkins requested that the jury be instructed on the lesser-included offenses of Possession of Crack Cocaine in an amount greater than five grams, but not exceeding ten grams, and Possession of Cocaine in an amount greater than one gram, but not exceeding five grams. The trial court refused these requests.
Judkins was convicted as charged, and was sentenced accordingly. From his conviction and sentence, Judkins appeals.
 II
Judkins's First Assignment of Error is as follows:
 THE TRIAL COURT PLAINLY ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF AN ILLEGAL INVENTORY SEARCH.
Judkins argues that the because Larremore failed to comply with the Dayton Police Department policy concerning inventory searches in several respects, the trial court should have found that the search was a pretextual search, rather than a inventory search, and was therefore unlawful. Judkins contends that Larremore violated a departmental policy by failing to search the trunk, which was locked, and by failing to include information concerning the contents of the car and either the tow sheet or the inventory report.
Larremore testified that he decided to tow the vehicle because the driver was arrested, there was no one available on the scene to take possession of the vehicle, the vehicle was vulnerable to theft because it was in a high-crime area, and the vehicle was illegally parked. Larremore testified that under the departmental policy, he would be personally liable for any damage or loss of property resulting to the vehicle and its contents during the tow, and that it was his intention, pursuant to the policy, to gather and inventory of any valuables or other property, and to secure the property in preparation for the tow.
Larremore testified that he usually only searches locked trunks if the owner indicates that valuable property is contained inside. At best, the fact that Larremore failed to search the trunk is evidence from which the trial court might have found that his search of the vehicle was not really an inventory search, but a search for evidence of crime. However, the trial judge heard Larremore testify, and chose to believe that Larremore's purpose in searching the vehicle was to implement the departmental policy requiring inventory searches. We find nothing inherently incredible in Larremore's testimony, and conclude that the trial court did not err in so finding.
Judkins then contends that the trial court did not properly find the search to be an inventory search because Larremore did not complete the "tow-in" card, form F-472. Larremore testified that because they now have computers in their cruisers, the "tow-in" card is done through the computer. Although Larremore never produced the computerized record, it is not clear from this record whether a computerized record was generated. In any event, even if it was not, we do not conclude that that would have prevented a reasonable fact finder from finding that the search was an inventory search.
Finally, Judkins contends that the trial court should have found that this was not an inventory search because no inventory list was completed. Larremore explained that he did not find any property within the vehicle to list. Accordingly, we conclude that this did not prevent the trial court from finding that the search was an inventory search.
In summary, we conclude that there is evidence in the record from which the trial court could find, as it did, that Larremore's search of the interior of the car was an inventory search, pursuant to Dayton Police departmental policy. Deficiencies in the manner in which the search was completed, even if proven, did not require a contrary finding, especially considering Larremore's explanations.
Judkins's First Assignment of Error is overruled.
 III
Judkins's Second Assignment of Error is as follows:
 THE COURT PLAINLY ERRED IN REFUSING APPELLANT'S PROPOSED JURY INSTRUCTIONS CONCERNING LESSER INCLUDED OFFENSES.
Judkins's cites State v. Thomas (1988), 40 Ohio St.3d 213, second paragraph of syllabus, for the proposition that a defendant is entitled to an instruction concerning a lesser-included offense if the evidence presented at trial would reasonably support both an acquittal on the offense charged, and a conviction for the lesser-included offense. He contends that a reasonable jury might have found that the State had proven, beyond a reasonable doubt, that he was in possession of one to five grams of crack cocaine, or five to ten grams of crack cocaine, while concluding that the State had failed to prove, beyond reasonable doubt, his possession of ten to twenty-five grams. He bases his argument upon the fact that the chemist, Wathen, testified that he only tested a representative sample of the items seized, determining that the tested rocks were crack cocaine. If that were the State's only evidence, a closer question might be presented. However, when Larremore asked Judkins, "How much crack did you have in the car," Judkins responded, "I don't know how much it was." By his answer, Judkins implicitly acknowledged that the rocks in the gel caps were crack cocaine. Given their similarity in appearance, together with Wathen's testimony concerning the accepted scientific practice of testing a representative sample, we conclude that no reasonable jury would have found that Judkins was in possession of a quantity of crack cocaine, but that quantity was less than ten grams. Accordingly, Judkins was not entitled to the instructions concerning the lesser-included offenses.
Judkins's Second Assignment of Error is overruled.
 IV
Judkins's Third Assignment of Error is as follows:
 THE COURT PLAINLY ERRED IN OVERRULING APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE PROSECUTION'S CASE.
Larremore first argues, in connection with this Assignment of Error, that there was insufficient proof of the quantity of crack cocaine. We reject this argument for the reasons cited in Part III, above. Larremore next argues that the baggies found in the front seat of the car were in a location that would have been accessible to the driver, as well as to him. He notes that the State is required to show that the defendant knows that the object is present, before he may be found to have been in constructive possession of the object. Judkins acknowledges that the statements he allegedly made to Larremore, which included his affirmative response to the question, "Well, did you just put it in the seat so I wouldn't find it on you when I took you out of the car," constitute an admission that he was in constructive possession of the crack cocaine, but argues that these statements should not have been considered, because he denied having made them.
In determining whether to sustain a motion for a judgment of acquittal, pursuant to Crim.R. 29, the trial court is required to view the evidence in a light most favorable to the State. Statev. Jenks (1991), 61 Ohio St.3d 259, second paragraph of syllabus. For the trial court to have discounted the testimony of Larremore, the arresting officer, concerning the statements Judkins allegedly made to him would hardly have been viewing the evidence in a light most favorable to the State. Accordingly, we conclude that the trial court was required to consider that evidence, and properly determined that there was evidence in the record from which reasonable minds could find, beyond reasonable doubt, that Judkins was in constructive possession of the crack cocaine found in the front seat of the car.
Judkins's Third Assignment of Error is overruled.
 V
All of Judkins's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
Andrew T. French
Kathleen M. Hughes
Hon. David Gowdown