Appellant Michael Carnes appeals his conviction, in the Stark County Court of Common Pleas, on the count of felonious assault with a firearm specification.
Victor Moss, a resident of Canton, Ohio, lived with Robert Rex, Rex's fiancé, and Rex's children at 925 Clarendon Avenue S.W. On the evening of February 1, 1998, Victor Moss was the victim of a shooting in the vicinity of his residence. The testimony presented indicated that Moss was returning from a local drugstore that night when he met Robert Rex's son, Eric, and acquaintance Nick Keyes. The three young men briefly discussed the whereabouts of Robert Rex, who had recently gone to a neighbor's home to inquire about the sound of gunfire heard earlier that evening in the neighborhood. The three then proceeded down the sidewalk, but suddenly encountered Appellant Carnes coming from the vicinity of 917 Clarendon Avenue S.W. Moss testified that Carnes stated, "What's up, motherfuckers," (Tr. Vol. I at 134) and fired a shot from a gun pulled from his waistband. The bullet hit the ground in front of Moss. As Moss, Eric Rex, and Keyes ran for safety, Appellant Carnes fired a second shot which struck Moss in the upper leg.
In addition to Moss, the State called Eric Rex and Canton police officer Nick Heropolous, as well as Robert Rex, who had held a brief verbal exchange with Appellant Carnes shortly after the shooting incident. Although Appellant Carnes elected not to testify, his trial counsel entered an oral stipulation that appellant was the individual "* * * holding the gun when it went off and struck [Moss]." Tr. Vol. I at 141.
After hearing the evidence, the jury returned a verdict finding Appellant Carnes guilty of felonious assault, in violation of R.C. 2903.11, with a gun specification. The trial court sentenced appellant to a determinate term of three years incarceration, to be served consecutively with a term of three years incarceration for the gun specification.
Appellant timely filed a notice of appeal and presently raises the following three assignments of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO INSTRUCT THE JURY ON THE LESSER OFFENSE OF NEGLIGENT ASSAULT.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 III. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I.
In his First Assignment of Error, appellant contends that the trial court erred as a matter of law in failing to instruct the jury on the lesser included offense of negligent assault. We disagree.
Both parties to this action correctly cite the proper standard for judicial review regarding this assignment of error. Where a defendant requests jury instructions on a lesser included offense, "* * * a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v.Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
In light of the foregoing, we are not persuaded that the evidence would have reasonably supported both an acquittal on the charge of felonious assault and a conviction of negligent assault.
As the State notes in its brief, the chief differences in these two offenses involve their respective penalties and respective requirements of mens rea. Per the statutory definitions, an individual acts "* * * knowingly * * * when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). An individual "* * * acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result * * *." R.C.2901.22(D).
The evidence showed that appellant encountered Moss, Keyes, and Eric Rex, uttered an obscenity, discharged the gun at their feet, and then fired as many as three or four more rounds after the three young men turned and ran. These actions by the appellant, occurring in a residential area late at night and causing physical harm to Mr. Moss, reasonably support the jury's finding that the appellant acted "knowingly", and would not support a finding based on the statutory "negligence" definition.
We are further persuaded by the holding of State v. LeFevre
(May 4, 1995), Franklin App. No. 94APA09-1376, unreported. In that case, the defendant looked out his window late at night, and upon observing several persons engaged in repossessing his car, fired a shotgun in their direction. According to his testimony, he took this action in an attempt to hit the car's tires. As a result, two of the individuals participating in the repossession were struck by the blast and injured. Id. at 1. On appeal, the Franklin County Court of Appeals, in affirming the trial court's refusal to instruct the jury on the charge of negligent assault, held that "* * * the culpable mental state required for a conviction upon felonious assault is knowledge and not purpose or intent." (Emphasis added.) Id. at 2.
We therefore find that the trial court did not err when it chose not to instruct the jury on the lesser offense of negligent assault.
Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant asserts that the trial court should have granted his Crim. R. 29 motion for acquittal at the end of the State's case. We disagree.
The standard of review for this issue is established in State v. Jenks (1991), 61 Ohio St.3d 259, as follows:
 The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Id. at paragraph two of the syllabus. See, also, State v.Thompkins (1997), 78 Ohio St.3d 380.
As appellant notes in his brief, defense counsel at trial "* * * more or less stipulated to each and every element of the crime except for one, the issue of whether appellant acted 'knowingly.' " Appellant's Brief at 10. The focus of this Court, therefore, narrows to whether a rational trier of fact could have found that Appellant Carnes acted knowingly, under the facts presented.
We find the answer to that more specific query to be in the affirmative. Viewing the evidence of the events of the night of February 1, 1998, in a light most favorable to the prosecution, a rational trier of fact could have indeed found that appellant, in his actions with the weapon, was aware that his conduct would probably cause a certain result, namely, physical harm to any or all of the fleeing three men.
Accordingly, we find, after reviewing the evidence, that the trial court did not err in denying appellant's Crim. R. 29 motion for acquittal.
Appellant's Second Assignment of Error is overruled.
 III.
Appellant maintains in his Third Assignment of Error, that the verdict was against the manifest weight of the evidence. We disagree.
In order for appellant to prevail in demonstrating that his conviction was against the manifest weight of the evidence, he must establish that "* * * the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175.
As in our previous analysis, we agree that the crucial element at issue in this case hinges on the statutory definition of "knowingly". We do not agree that the jury's decision, applying said statutory definition to the appellant's inexcusable use of a lethal weapon, violates the standard established in Martin, above. The jury clearly did not lose its way and create a manifest miscarriage of justice which would require a reversal of appellant's conviction and a new trial ordered.
Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
By: Wise, P. J., Edwards, J., concurs.
Hoffman, J., concurs separately.
---------------------------
---------------------------
 --------------------------- JUDGES