[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of conviction entered by the Sandusky County Court of Common Pleas after defendant-appellant, Daryl L. Walker, was found guilty of felonious assault in violation of R.C. 2903.11. Walker now raises the following assignments of error from that judgment:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF RECKLESS ASSAULT OF [SIC] OHIO REVISED CODE § 2903.13(B).
 "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT INSTRUCTED THE JURY THAT IT COULD NOT CONSIDER THE LESSER INCLUDED OFFENSE OF ASSAULT UNTIL AFTER THE JURY HAD FOUND THE DEFENDANT APPELLANT NOT GUILTY OF THE GREATER OFFENSE OF FELONIOUS ASSAULT."
The facts of this case, as testified to at the trial below, are as follows. In May 1996, appellant and Amanda Young were living together in Fremont, Ohio. The two had lived together for approximately one year and had a relationship for approximately five years. In addition, the couple had two children together. On the evening of May 17, 1996, Young was riding around with friends when appellant encountered at a local gas station. Because Young was with people whom appellant believed were involved with drugs, appellant became concerned about the couple's two children and asked Young when she would be home. Young responded that she would be home in one hour. Subsequently, however, Young went to Tracy Larrick's apartment at the Little Bark apartment complex where she stayed the entire night talking to Tracy and others and listening to music. At approximately 5:00 a.m. on May 18, 1996, appellant arrived at Tracy Larrick's apartment looking for Young. Appellant found Young hiding in a closet. Appellant testified at the trial below that a bag of cocaine was sitting on the dresser outside of the closet where he found Young and he could tell by Young's behavior that she had been doing cocaine. Appellant and Young then began to argue. They left Tracy Larrick's apartment and walked to another apartment at the Little Bark complex that was occupied by appellant's cousin David Scott and Jessica Puente. Scott answered the door and allowed the couple to come in but then Scott went back to bed. Appellant and Young then began to argue more and to wrestle. The argument then became more physical and appellant beat up Young. Jessica Puente, who was standing at the top of the stairs during the argument, testified that although she could not see the fight, she heard banging and heard Young crying and appellant laughing. When she eventually came downstairs, she saw blood all over her living room and saw Young crying with blood in her hair. Although he denies doing so, evidence at the scene indicated that appellant hit Young on the back of the head with a glass bear figurine. Before Puente came downstairs, appellant left the apartment. After Puente came downstairs, Young left and ran after appellant. Young subsequently returned to Tracy Larrick's apartment and the police were called.
Thereafter, Young was transported to Fremont Memorial Hospital where she was treated for her injuries which included bruises, scratches, and a laceration to the back of her head which required stitches. In addition, Dr. Jerome McTague, the emergency room doctor who treated Young, testified that Young suffered a mild to moderate concussion. A CT scan and x-rays revealed no broken bones or more serious head injuries. After spending approximately three hours in the emergency room, Young was released.
On June 28, 1996, appellant was indicted and charged with aggravated burglary and felonious assault. The case proceeded to a jury trial on February 3, 1997. At the conclusion of the state's case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29. The court granted the motion with regard to the aggravated burglary charge but denied the motion with regard to the felonious assault charge. After appellant presented his case, the court charged the jury on felonious assault pursuant to R.C. 2903.11(A)(1) and the lesser included offense of assault pursuant to R.C. 2903.13(A). In addition, the court instructed the jury as follows:
 "If your verdict is not guilty or if after deliberations you are unable to reach a unanimous verdict as to the offense of felonious assault, then and only then shall you consider the lesser included offense of assault."
After the court concluded instructing the jury, but before the jury retired to deliberate, appellant's trial counsel orally requested an instruction on assault as proscribed by R.C.2903.13(B) or "reckless" assault. The court denied the request. Subsequently, the jury found appellant guilty of felonious assault in violation of R.C. 2903.11(A)(1). On February 28, 1997, the trial court entered a judgment of conviction and sentenced appellant to eight to fifteen years incarceration. It is from that judgment that appellant now appeals.
In his first assignment of error, appellant asserts that the trial court erred in denying his request for a jury instruction on the lesser included offense of reckless assault, a violation of R.C. 2903.13(B).
Felonious assault is proscribed in R.C. 2903.11, which provides in pertinent part:
"(A) No person shall knowingly:
 "(1) Cause serious physical harm to another or to another's unborn[.]"
Simple assault is set forth in R.C. 2903.13 and is broken down into two separate offenses:
 "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 "(B) No person shall recklessly cause serious physical harm to another or to another's unborn."
In the present case, the trial court instructed the jury on assault as it is proscribed by R.C. 2903.13(A) but refused to instruct the jury on assault as it is proscribed by R.C.2903.13(B). R.C. 2903.13(B), or "reckless" assault, is a lesser included offense of felonious assault under R.C. 2903.11(A)(1) because reckless assault provides for a lesser penalty and felonious assault cannot be committed without also committing reckless assault. The crimes differ only in terms of their culpable mental states. State v. Jackson (Dec. 8, 1994), Franklin App. No. 94APA04-531, unreported; State v. Colston (Dec. 17, 1993), Montgomery App. No. 13599, unreported; State v. Davis (June 21, 1989), Hamilton App. No. C-880283, unreported. Nevertheless, it is well-established that an instruction on a lesser included offense is only warranted if the evidence adduced at trial would "reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas
(1988), 40 Ohio St.3d 213, 216, certiorari denied (1989),493 U.S. 826.
As stated above, the offenses set forth in R.C.2903.11(A)(1) and R.C. 2903.13(B) differ only in terms of the culpable mental state applicable to the crime. The culpable mental state of felonious assault is "knowing" and the culpable mental state of reckless assault is "reckless." The culpable mental states are defined in R.C. 2901.22 in pertinent part as follows:
 "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
Appellant contends that because he testified at the trial below that he did not intend to harm Young and that because the altercation was accidental, there was evidence from which a jury could conclude that appellant acted recklessly as opposed to knowingly. We disagree.
In the trial below, appellant testified that the altercation between him and Young started with the two of them wrestling, that the couple has "wrestled" in the past and that Young frequently becomes bruised by the couple's wrestling. Then, when shown pictures of Young taken in the emergency room, appellant stated that Young's bruises were consistent with the type of bruises Young often gets when the couple "wrestles." Those pictures show a badly battered and bloodied Young. In fact, the only injuries appellant denied inflicting on Young were the head laceration and an apparent bite mark on Young's leg. In our view, the evidence adduced at trial did not reasonably support an acquittal on the crime charged, particularly with respect to the culpable mental state of "knowingly," and the trial court did not err in denying appellant's request for an instruction on reckless assault. The first assignment of error is not well-taken.
In his second assignment of error, appellant challenges the trial court's instruction quoted above regarding the jury's consideration of the lesser included offense of assault. Specifically, appellant contends that the trial court erred in instructing the jury that it could not consider the lesser included offense of assault unless and until it found appellant not guilty of felonious assault.
In State v. Thomas, supra, at paragraph three of the syllabus, the Supreme Court of Ohio held:
 "A jury must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense. If a jury is unable to agree unanimously that a defendant is guilty of a particular offense, it may proceed to consider a lesser included offense upon which evidence has been presented. The jury is not required to determine unanimously that the defendant is not guilty of the crime charged before it may consider a lesser included offense."
In making this determination, the court held that trial courts could not use "acquittal first" instructions before instructing a jury on a lesser included offense. In our view, the instruction at issue herein is in compliance with Thomas. To reiterate, the instruction reads:
 "If your verdict is not guilty or if after deliberations you are unable to reach a unanimous verdict as to the offense of felonious assault, then and only then shall you consider the lesser included offense of assault."
Accordingly, the trial court did not expressly require the jury to reach a unanimous verdict of acquittal before considering the lesser included offense of assault, but addressed possible disagreement by the jury and allowed them to consider the lesser offense if they could not reach a unanimous verdict on the crime charged. The second assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
CONCUR.