JOURNAL ENTRY and OPINION
Appellant Kermis Williams appeals the decision of the trial court convicting him of robbery in violation of R.C. 2911.02(A) (3) and sentencing him accordingly. Williams assigns the following four errors for our review:
 I. DEFENDANT WAS DENIED A FAIR AND JUST TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHEN THE JURY ALLOWED THE PRIOR HISTORY OF HIS CONVICTIONS TO INFLUENCE AND BIAS THEIR VERDICT WHICH WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
 II. DEFENDANT'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN HE WAS IMPROPERLY DENIED A CRIM.R. 29 ACQUITTAL WHEN HIS CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 III. DEFENDANT WAS PREJUDICED BY THE COURT'S REFUSAL TO INSTRUCT THE JURY ON THE OFFENSE OF PETTY THEFT.
 IV. DEFENDANT WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Having reviewed the record and the legal arguments of the parties, we reverse the decision of the trial court. The apposite facts follow.
Williams was charged with robbery in connection with the theft of several bottles of aspirin and several containers of deodorant from Tower City Drug Store. On January 28, 1998, Tower City Drug Store employee Tonya Green observed appellant Kermis Williams place three bottles of aspirin inside his shirt. Green confronted Williams and told him to give her the aspirin. Williams replied that he didn't have anything. Green then called for the store's manager, Terry Broschk, who was working at a nearby cash register. Thereafter, Williams gave Green two aspirin bottles. Green then told Williams she saw him put three aspirin bottles in his shirt. As Broschk approached, Williams gave Green the third bottle of aspirin.
Broschk asked Williams for identification and asked him to step to the back of the store. At this point, Green returned to her register. Williams took a few steps toward the rear of the store, then abruptly turned around and ran towards the store's exit. Broschk testified at trial that he gave chase and reached out in an attempt to grab Williams, but Williams swung his arm with an open fist and hit Broschk's outstretched arm enabling Williams to run out of the store into the mall.
Broschk ran out into the mall in pursuit of Williams and yelled for someone to stop him. A passer-by grabbed Williams and restrained him until Broschk caught up. Thereafter, Broschk restrained Williams until police arrived. Police seized a bag from Williams which contained $73.00 worth of aspirin and deodorant taken from Tower City Drug.
Williams was arrested and later charged with Robbery in violation of R.C. 2911.02(A) (2). At trial, the state presented the testimony of Green and Broschk as well as the arresting officer.
At the end of the State's case, the defense moved for a Crim.R. 29 acquittal. The defense argued that the state failed to produce sufficient evidence that Williams inflicted, attempted to inflict, or threatened to inflict physical harm during the incident as required for a robbery conviction under R.C. 2911.02(A) (2). In the alternative, the defense asked the trial court to amend the indictment to reflect robbery under R.C. 2911.02(A) (3), which encompasses situations in which the offender uses or threatens the immediate use of force against another. The trial court denied the motion.
Williams testified in his own defense and admitted that he had been convicted of criminal offenses forty to fifty times in the past fifteen or twenty years, primarily for shoplifting. He admitted taking the items from Tower City Drug in an effort to support his drug habit. However, he denied hitting Broschk and stated that he was only trying to escape the store.
The defendant renewed his motion for acquittal at the end of all the evidence. The trial court again denied the motion. At the request of the defense, the trial court agreed to instruct the jury on robbery under R.C. 2911.02(A) (3). The court rejected the defense's request for an instruction on petty theft.
Williams was convicted of robbery under R.C. 2911.02(A) (3), a third degree felony. He was sentenced to four years in prison and ordered to pay a $1,000 fine. This appeal followed.
We will review Williams' assigned error three for we believe it has merit, which in our view moots the other assigned errors.
In his third assignment of error, Williams argues that the trial court erred in failing to instruct the jury on petty theft. "An instruction on a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Goodwin (1999), 84 Ohio St.3d 331,347, reconsideration denied (1999), 85 Ohio St.3d 1410, citingState v. Thomas (1988), 40 Ohio St.3d 213 at paragraph two of syllabus, certiorari denied (1989), 493 U.S. 826.
Petty theft differs from robbery in that robbery contains an element of actual or threatened personal harm to persons or the use or threatened use of force. [See 1974 Committee Comment to H 511 (R.C. 2911.02).] In this case, the state presented evidence that Williams hit Broschk while fleeing the store after stealing aspirin and deodorant. This court has repeatedly held that evidence of the use or threat of force by an offender while committing a theft or immediately thereafter supports a conviction for robbery. SeeState v. Shelton (Nov. 5, 1998), Cuyahoga App. No. 72060, unreported (defendant struggled with security guard and store employees after being confronted about suspected theft); State v.Zoya (December 16, 1993), Cuyahoga App. No. 64322, unreported (defendant tried to force his way past store manager by using his body weight, twisting around and swinging his arms); State v.Calhoun (November 14, 1991), Cuyahoga App. No. 59370, unreported (defendant pushed store security manager in an effort to flee the store); State v. Smith (August 15, 1991), Cuyahoga App. No. 58986, unreported (defendant's act of swinging at officer while attempting to escape was held to constitute actual use of or threat of force despite fact that defendant did not actually hit officer); State v.Pittman (Jan. 19, 1989), Cuyahoga App. No. 54949, unreported (defendant's act of struggling, pushing and thrashing his legs in order to avoid apprehension by store employees held to constitute force); State v. Anderson (Jan. 31, 1985), Cuyahoga App. No. 48563, unreported (defendant pushed security officers twice while attempting to flee store). The state presented clear evidence that Williams used force while attempting to escape after committing a theft.
However, during his testimony, Williams specifically denied hitting Broschk. Williams stated that, when he started to run, he was very close to the exit door and that he easily escaped the store. This evidence, if believed could lead a reasonable jury to acquit Williams of robbery, but convict him of petty theft. Accordingly, the trial court erred in failing to instruct on the lesser included offense of petty theft. Williams' third assignment of error is well taken. Therefore, we reverse Williams' robbery conviction and remand the case to the trial court for a new trial.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and KARPINSKI, J., CONCUR.
 ______________________________ PATRICIA ANN BLACKMON JUDGE