My dissent from the majority's opinion in this case is not based upon the law the majority relies on. I believe they have cited to the correct authorities on the question of whether the trial court should have submitted the lesser included offense of assault to the jury in this case.
My dissent is based upon what I believe to be their misapplication of the law on this issue. In State v. Thomas (1988), 40 Ohio St.3d 213, cited by the majority, the issue was whether the trial court, in an aggravated murder case, should have charged the jury, as requested, on the lesser included offenses of manslaughter, voluntary and involuntary, which the trial court refused to do. Thomas was found guilty by a jury of aggravated murder. The court of appeals reversed the conviction holding that "the evidence adduced at trial supported an instruction on involuntary manslaughter." Id. at 214.
The Ohio Supreme Court, reversing the court of appeals, held that the "lesser included offense was not supported by the evidence adduced at the trial below and was thus properly refused by the trial court." Id. at 214. The Supreme Court held that a jury instruction on a lesser included offense "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and conviction upon the lesser included offense." Id. at 216.
The majority finds that appellant's uncorroborated testimony provides sufficient evidence to require submission of an instruction on the lesser included offense. Appellant's version of the events, that John-John was the one who hit Williams in the side of his face, the only basis relied upon by the majority to "reasonably support" a conviction "upon the lesser included offense" of assault, is unconfirmed by any other witness. Moreover, appellant testified that he punched Williams "once near his left eye." Williams' injury was to his left jaw which, of course, is adjacent to his left eye. A mere conflict in testimony does not require that an instruction on a lesser included offense be given. To require that an instruction be given to the jury "every time `some evidence,' however minute, is presented going to a lesser included * * * offense would mean that no trial judge could ever refuse to give an instruction on a lesser included * * * offense." State v. Shane (1992),63 Ohio St.3d 630, 632.
The trial court submitted the issue of aiding and abetting to the jury. Appellant punched Williams and John-John joined in the attack on Williams. The majority speculates that the "(jury) could have also found that appellant's involvement ended before John-John began assaulting Williams and had nothing to do with John-John's assault." In this case, appellant admits that he took part in the initial confrontation by punching Williams. By his testimony, appellant said John-John sprinted over and punched Williams as Williams was standing up from appellant's assault of him. Appellant was pulled off of Williams by Brian Arrington and was being held from Williams as John-John was attacking Williams. There was no break in time during appellant's attack of Williams and John-John's attack of Williams. Appellant made no effort to assist Williams or to prevent John-John from continuing the fight or to communicate an intention to disassociate himself from the assault. He remained at the fight scene and, in fact, had to be held back from further participation by Brian Arrington.
Even if one were to disbelieve the testimony of all of the state's witnesses and believe only appellant, he would still be guilty of the principal offense as an aider and abettor because he failed to withdraw under the law. See State v. Carver (1972), 30 Ohio St.2d 280.
Given the evidence in the present case, the jury could not reasonably find against the state as to the felonious assault charge. Accordingly, it was within the trial court's discretion to refuse to charge on the lesser included offense of assault. In fact, the jury found for the state and against appellant on the felonious assault charge. A jury is only permitted to consider a lesser included offense if it cannot adjudge the defendant guilty of the greater offense. Thomas, 40 Ohio St.3d at paragraph 3 of the syllabus. In this case, the jury found appellant guilty of the principal offense of felonious assault. That means it could not even have gotten to a lesser included offense under the Thomas
syllabus. The majority can only speculate, based solely on appellant's uncorroborated testimony, that appellant was somehow prejudiced by the failure to instruct the jury on the lesser included offense.
No prejudice has been shown to have resulted from the trial court's refusal to submit a jury instruction on the lesser included offense which it found unsupported by the evidence, and there is no factual or legal basis to reverse this conviction. See Shane, 63 Ohio St.3d at 632. If the majority's contention is that the jury's verdict is against the manifest weight of the evidence, my dissent also precludes reversal. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, syllabus paragraph 4. Therefore, I respectfully dissent.