OPINION
Defendant-appellant, Jerome Evans, Jr., appeals from the judgment of the Mahoning County Court of Common Pleas finding him guilty of felonious assault with a firearm specification and sentencing him to a six-year prison term following a jury trial.
On April 17, 1998, appellant was at Faleecha Howell's (Faleecha) house on Youngstown's south side with his fiancée, Theresa Howell (Theresa), who is also Faleecha's sister, and several others. Around eleven o'clock, appellant, Jason Jenkins (Jason), and Raheem Wright (Raheem) decided to leave Faleecha's house and go to a bar.
Everyone went outside and when Jason went to get into appellant's car, Theresa began to yell that he better not get into the car. Earlier in the day, Jason had a minor argument with Theresa regarding the manner in which Theresa showed her affection for her niece, Jason and Faleecha's daughter. When appellant attempted to leave with Jason and Raheem, appellant and Theresa got into an argument about whether or not he was going to go to the bar with Jason. Theresa did not want appellant to go with Jason and Raheem, since Jason did not like her.
Theresa took a "club", the kind used to lock a steering wheel, from the car and threatened to hit Jason if he got in the car with appellant and Raheem. Appellant took the club away from Theresa and tried to settle her down. Faleecha was on the porch and she began yelling at appellant that if he touched Theresa, he was going to get "jumped."
Appellant went to his car to put the club back and retrieved a .25 handgun from the glove compartment because he was afraid someone was going to jump him. Jason testified that appellant walked over to him with the gun. Jason saw the gun and thought that appellant was about to shoot him. Jason grabbed appellant's arm. Appellant pulled away. Appellant testified that as he pulled away, the gun just went off. However, Jason and Faleecha both testified that appellant pulled back, pointed the gun at Jason, and shot him. Appellant remained at the house until he heard police sirens. He then got in his car and drove away.
The police spotted appellant and began to follow him with their lights and sirens on. Appellant sped up and crashed his car into the front porch of a house. He then tried to back up and drive away. The police blocked his path and appellant got out of his car. The police arrested him for shooting Jason. Jason required surgery for the gunshot wound to his abdomen, but survived.
As a result of the April 17, 1998 shooting, a Grand Jury indicted appellant on one count of felonious assault in violation of R.C.2903.11(A)(2)(B) with a firearm specification in violation of R.C.2941.145(A).
The case proceeded to a jury trial and on May 28, 1999, the jury returned a guilty verdict on the count as charged in the indictment, along with the firearm specification. The trial court entered its judgment entry of sentence on June 3, 1999. The court sentenced appellant to three years for the felonious assault conviction and the mandatory three years on the firearm specification to be served consecutively. This court granted appellant leave to file a delayed notice of appeal on November 29, 2000.
Appellant originally raised three assignments of error in his brief. However, he withdrew his second and third assignments of error two days before oral arguments. Assignments of error two and three stated respectively:
"The trial court erred by sentencing Mr. Evans to a non-minimum sentence without a finding that such a sentence would demean the seriousness of the offense or adequately protect the public from future crime. R.C. 2929.14(B)."
"The trial court unconstitutionally increased Mr. Evan's [sic.] sentence in retaliation for Mr. Evans' exercise of his right to jury trial and his right to plead not guilty. US. Const. amends. V, VI andXIV."
Appellant's remaining assignment of error states:
 "THE TRIAL COURT ERRED BY DENYING DEFENDANT'S REQUEST TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSE OF NEGLIGENT ASSAULT. R.C. 2903.14, 2903.11(A)(2)."
Appellant argues that the trial court should have instructed the jury on the lesser included offense of negligent assault. He claims that the evidence presented at trial supported an acquittal on felonious assault and a conviction on negligent assault. Appellant asserts that the jury could have reasonably found that he did not intend to shoot Jason, but that he acted negligently in taking the gun out.
The mere fact that an offense is a lesser included offense of another does not necessitate a jury charge on the lesser included offense. Statev. Thomas (1988), 40 Ohio St.3d 213, 216. A jury instruction on a lesser included offense should only be given when the evidence presented at trial reasonably supports an acquittal on the crime charged and a conviction on a lesser included offense of the crime charged. Id.
Negligent assault is a lesser included offense of felonious assault.State v. Wong (1994), 95 Ohio App.3d 39, 54. "The only statutory difference between felonious assault and negligent assault is the mensrea necessary to be convicted of the crime." Id. Felonious assault requires a showing that the defendant acted knowingly, whereas negligent assault requires a showing that the defendant acted negligently. Id.
R.C. 2901.22 defines the different culpable mental states. It states:
 "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
"* * *
 "(D) A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist." R.C. 2901.22(B) and (D).
Thus, in order for the court to have instructed the jury on negligent assault, the evidence must have supported the theory that appellant acted negligently while not upholding the theory that he acted knowingly when he shot Jason.
The evidence at trial revealed the following pertinent testimony. Jason testified that earlier in the day he had a problem with Theresa, appellant's fiancée. He testified that later appellant stood in front of him with a gun. Jason thought that appellant was about to shoot him. Jason then grabbed appellant's arm. Jason testified that he and appellant did not struggle over the gun. He testified that appellant stepped back from Jason, pointed the gun at him, and shot. Appellant was approximately two feet from Jason when he shot him. Additionally, Jason testified that after appellant shot him, appellant pointed the gun at him again. Also, he testified that after shooting him, appellant pointed the gun at Raheem and said, "Who the next punk mother f***er." (Tr. 217-18). These actions demonstrate that appellant acted purposefully in shooting Jason.
Faleecha's testimony corroborated Jason's account of the shooting. Faleecha testified that appellant approached Jason with a gun in his hand. She testified that Jason then grabbed appellant's wrist. She further testified that appellant broke away from Jason, pointed the gun directly at him, and shot Jason. Faleecha also testified that after appellant shot Jason, appellant pointed the gun at him again and stated, "who is the punk mother f***er." (Tr. 233-34).
Appellant recalled the shooting differently. Appellant testified that he was afraid that someone was going to jump him and he did not want anyone to hurt him so he went to his car and took his gun from his locked glove compartment, although he did not know if it was loaded. Appellant testified that Jason lunged at him and grabbed his wrist. He then testified that he jerked back and heard a shot as the gun went off. Appellant also testified that he had owned the gun for four or five days and had never previously fired it. He testified that he "just pulled the trigger" and the gun went off.
The evidence does not indicate that appellant acted negligently. No evidence was presented that demonstrates that appellant failed to perceive or avoid a risk or that he had a substantial lapse of due care. Appellant acted knowingly when he went to his car, opened his locked glove compartment, and took out his gun. He stated that he took the gun out because he was afraid that someone was going to jump him and he did not want anyone to hurt him. Thus, he planned to use his gun to protect himself from a potential attack.
Furthermore, Officer Ciavarella, who has specialized training in analyzing weapons, testified that it would take a significant amount of pressure on the trigger of appellant's gun to make it fire. He also testified that if someone just brushed against the gun, it would not fire. This demonstrates that appellant could not have just negligently bumped the trigger. He had to have knowingly applied enough pressure to cause the gun to fire.
Finally, appellant's actions after the shooting indicate that he acted knowingly and not merely negligently. A person who just negligently shot someone would not afterwards point his gun at the victim or anyone else and utter profanities at him.
Appellant's testimony is the only evidence that might lean in favor of a charge on negligent assault. However, "a lesser included offense instruction is not warranted merely upon the presence of `some evidence' that the defendant committed the lesser, but not the greater, offense."State v. Schoonover (Sept. 21, 1998), 4th Dist. No. 97 C.A. 647, 1998 WL 652549 at *4, citing State v. Shane (1992), 63 Ohio St.3d 630, 632-33.
The court considered giving the negligent assault charge but concluded that the evidence did not support such a charge. The court reasoned that either appellant took out the gun knowing he was going to shoot Jason or the whole incident was an accident. Accordingly, the court gave the jury a charge on accident along with the felonious assault charge. The court stated:
 "He [appellant] pulled out a gun deliberately to protect himself. There was a purpose to it. There was a reason for it. Either he doesn't know what happened and the next thing he knew Jason was shot, or he plugged the guy on purpose, he meant to shoot him." (Tr. 438).
Appellant testified that the gun just "went off." Jason and Faleecha testified that appellant pointed the gun at Jason and shot him. Nowhere did anyone testify that appellant negligently handled the gun or failed to perceive or avoid a risk. Thus, it is apparent that the evidence adduced at trial did not reasonably support a charge of negligent assault.
Accordingly, appellant's first assignment of error is without merit.
For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., and DeGenaro, J., concur.