JOURNAL ENTRY AND OPINION
Albert Koreny appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of assault with a peace officer specification. On appeal, Koreny challenges the trial court's failure to instruct the jury on the elements of disorderly conduct, which he maintains constituted a lesser included offense. Further, he claims R.C. 2903.13(C)(3) ludes the element of knowingly or, in the alternative, if the subsection does not contain a mens rea element, the application of the statute violated his due process rights. Upon review of the record and applicable law, we affirm the judgment of the trial court.
The record here reveals that the grand jury charged Korney with assault and a peace officer specification on December 2, 1999. After arraignment and discovery, the case proceeded to trial on April 19, 2000.
The testimony at trial shows that, on October 15, 1999, Koreny and his girlfriend Susan Palcisco and friend Phillip Panarello went to the Tick Tock Tavern in Cleveland, Ohio. Koreny testified that he had already consumed four beers prior to going to the restaurant. When they arrived at the restaurant, Koreny and his friends were promptly seated and immediately ordered a round of alcoholic beverages from their waitress, Dolores Ellis.
By all accounts, Koreny and his friends were vociferous and disruptive. The restaurant's host had to ask Koreny and his friend to quiet down. The group ordered and consumed appetizers and salads; however, when they ordered another round of drinks, the waitress decided not to serve them because of their disconcerting behavior.
Koreny and his friends claimed the service was slow, so they decided to leave the restaurant. According to the waitress, when she brought out their entrees, she saw the group heading for the exit. Koreny and his friends, however, disputed this testimony and urged that Palcisco waited for the waitress at the hostess stand while Koreny and Panarello went to the bar portion of the restaurant to talk to a friend. They testified that they had no intention of leaving without paying their bill.
A loud dispute erupted concerning the bill. Koreny and his girlfriend insisted that they were willing to pay for their drinks and the appetizers, but that they were not going to pay for the entrees. Captain Luis Cumba, who was a patron at the restaurant that evening, got up to assist the waitress. According to Captain Cumba, who was off-duty and not in uniform at the time of the incident, he showed the group his badge and verbally identified himself as a Cleveland police officer. At trial, the waitress and patron Roy Franciso collaborated Captain Cumba's testimony. Koreny, however, maintained that he did not see the badge or hear Captain Cumba's verbal identification. Palcisco saw Captain Cumba's badge, but testified that she did not hear the verbal identification, and further claimed that Koreny was not facing Captain Cumba when he flashed his badge.
Captain Cumba testified that he told Koreny and his friend to pay their bill and leave, or they would be subject to arrest. According to Captain Cumba, he grabbed Koreny around the neck and shoulder area when the group refused to cooperate. Eventually, the owner of the restaurant agreed to take the entrees off the group's bill, and the dispute appeared to be settled. With the situation apparently resolved, Captain Cumba turned his back and headed back to his table. Suddenly, Koreny hit Captain Cumba from behind, knocking him down over a chair. Once again, the waitress and Francisco relayed a similar version of events. Franciso then grabbed Koreny, pulled him off Captain Cumba, and pushed him outside.
At trial, Koreny and his friends relayed a different story, claiming that Koreny pushed Captain Cumba as the officer was grabbing Koreny around the neck. Koreny insists that he did not know of Captain Cumba's status as a police officer until the incident spilled outside. Then, on-duty police officers arrived, and they arrested Koreny and Palcisco.
During deliberation, the jury sent the following written question to the court: If a police officer properly identifies himself at the scene, if a defendant does not hear or see the identification, is he or she still by law required to obey the person identified as a police officer? (Tr. 251.) The court returned the jury and instructed them as follows:
 Ladies and gentlemen, under Ohio law, proof of the defendant's knowledge that the victim is a police officer is not required.
 The mere fact that the victim is a police officer is all that is required under the law.
 The law does not require knowingly to be attached to the status of the victim. The knowingly is the knowing part that his actions will probably cause a ceratin result. That part of the instruction which I read to you previously. (Tr. 255.)
After deliberation, the jury returned a verdict finding Korney guilty of assault with a peace officer specification. In a journal entry filed on May 18, 2000, the trial court sentenced him to a prison term of nine months. Korney then filed this appeal, and now presents three assignments of error for our review.
 I. THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS OF LAW BY REFUSING TO CHARGE THE JURY ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT PURSUANT TO R.C. 2917.11(A)(1)
In the first assignment of error, Koreny claims that the trial court should have instructed the jury on the elements of disorderly conduct, which he contends is a lesser included offense of assault. The state maintains that disorderly conduct is not a lesser included offense of assault and, even if it is, the evidence did not warrant an instruction on disorderly conduct.
An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. See, also, State v. Robb (2000), 88 Ohio St.3d 59,74.
The state charged Koreny with assault with a peace officer specification under R.C. 2903.13(A) and (C)(3), which provides:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or to another's unborn.
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.
* * *
 (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
* * *
The disorderly conduct statute, R.C. 2917.11, provides in pertinent part:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
* * *
Disorderly conduct can be, under some circumstances, a lesser included offense of assault. See, e.g., State v. Reider (Aug. 3, 2000), Cuyahoga App. No. 76649, unreported. However, a defendant charged with assault is not automatically entitled to an instruction on disorderly conduct. Id.
After a review of the record on appeal, we have concluded that the evidence presented at trial could not have reasonably supported both an acquittal on the crime charged and a conviction upon the lesser included offense. The state's witnesses, including Officer Cumba, waitress Dolores Ellis and patron Roy Francisco, all testified that Koreny assaulted Captain Cumba after the officer had turned his back and headed back to his table. Simply put, we find Koreny's version of the incident, and the similar testimony of his fiance Susan Palcisco and friend Phillip Panarello, to be incredible.
Further, based upon the evidence presented by Koreny and his witnesses, the jury's only other reasonable choice, beside finding him guilty of assaulting Officer Cumba, would have been to find him not guilty of any crime at all. The testimony presented by the defense, if believed, would have constituted a complete defense to any crime. See Reider, supra, citing State v. Calabria (May 22, 2000), Stark App. No. 1999CA00211, unreported. "A defendant is not entitled to an instruction on a lesser-included offense if he denies participation in any wrongdoing." Reider, supra, quoting State v. Matusic (Aug. 23, 1999), Belmont App. No. 96-BA-48, unreported, citing State v. Johnson (1988),36 Ohio St.3d 224, 226. Accordingly, we have concluded that the trial court did not err in denying Koreny's request for an instruction on the elements of disorderly conduct, and we overrule this assignment of error.
 II. THE LOWER COURT ERRED AND DENIED THE APPELLANT DUE PROCESS OF LAW BY REFUSING TO CHARGE THE JURY THAT THE APPELLANT MUST HAVE HAD ACTUAL KNOWLEDGE THAT THE ALLEGED VICTIM WAS A PEACE OFFICER.
 III. OHIO REVISED CODE SECTION 2903.13(C)(3) IS UNCONSTITUTIONAL ON IT'S FACE AND AS APPLIED IN THE PRESENT CASE AS IT DENIED THE APPELLANT DUE PROCESS OF LAW AND RESULTED IN A PENALTY WHICH WAS VIOLATIVE OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In the second and third assignments of error, Koreny challenges the application of R.C. 2903.13(C)(3), which enhances the sentence for assault from a first degree misdemeanor to a fourth degree felony if the victim is a peace officer. On appeal, Koreny initially argues that the mens rea element of knowingly in R.C. 2903.13(A) also applies to the punishment enhancement provision in subsection (C)(3). He further maintains that the court violated his due process rights when it found that the state did not have to prove Koreny's knowledge of Officer Cumba's status as a peace officer.
R.C. 2903.13 provides in part:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or to another's unborn.
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), or (3) of this section, assault is a misdemeanor of the first degree.
* * *
 (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
* * *
We have held that [a] finding by the jury that the victim was a peace officer simply enhances the degree of the offense and potential penalty and, therefore, [p]roof of knowledge on appellant's part is not required under these circumstances. State v. Gimenez (Sept. 4, 1997), Cuyahoga App. No. 71190, unreported, citing State v. Williams (June 4, 1987), Cuyahoga App. No. 52262, unreported. Accord Stillwell v. Xenia (Feb. 16, 2001), Greene App. No. 2000-CA-41, unreported; State v. Cantrell (March 24, 1989), Montgomery App. No. 11030, unreported.
Koreny urges that we revisit Gimenez in light of the recent United States Supreme Court decision in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. In that case, Apprendi fired several shots into the home of an African-American family and made corresponding racist statements. He pled guilty to second degree possession of a firearm for an unlawful purpose, which carried a five-to-ten-year prison term. Thereafter, the prosecutor filed a motion to enhance his sentence under New Jersey's hate crime statute, which provided for an "extended term" of imprisonment if the trial judge finds, by a preponderance of the evidence, that "the defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity." N.J.Stat.Ann. 2C:44-3(e). The court granted the prosecutor's motion, and sentenced Apprendi to an enhanced twelve-year term.
On appeal, Apprendi contended that due process requires that the hate crime specification be proven to a jury beyond a reasonable doubt. The New Jersey Court of Appeals and Supreme Court rejected Apprendi's argument. However, the United States Supreme Court reversed, finding the statute unconstitutional and holding:
 The Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.
Id. at syllabus.
We find Apprendi to be distinguishable from this case. In Apprendi, the Supreme Court declared unconstitutional the hate crime statute at issue because it provided for an enhanced punishment based on the judge's finding regarding the defendant's mental state. Here, the victim's status as a peace officer, the sole fact that enhances the sentence under R.C.2903.13(C)(3), had been submitted to the jury and proven beyond a reasonable doubt in compliance with Apprendi. To constitute a fourth degree felony, that subsection merely requires the state to prove the victim of the offense is a peace officer. The statute does not require the state to show that the defendant's knowledge of the victim's status as a peace officer. If, as Koreny urges, the legislature had intended a mens rea requirement in R.C. 2903.13(C)(3), it could have easily written such a requirement into the subsection. Accord State v. Freeman (Aug. 2, 2000), Medina App. No. 2999-M, unreported (The General Assembly has articulated the elements of R.C. 2903.13 with sufficient clarity to indicate that the victim's status as a police officer shall elevate the criminal offense of assault from a misdemeanor of the first degree to a felony of the fourth degree regardless of whether or not the accused specifically knows of the victim's status as a peace officer.)
Further, we note that Title 29 of the Revised Code is replete with offenses that are violated or enhanced based upon the status of the victim, without requiring knowledge of that fact — e.g., the victim's status as a minor. For example, gross sexual imposition under R.C. 2907.05 is typically a felony of the fourth degree. However, if the victim is less than thirteen years of age, a violation of this statute is enhanced to a felony of the third degree, whether or not the offender knows the age of that person. R.C. 2907.05(A)(4) and (B). See also R.C.2907.02(A)(1)(b); R.C. 2907.04(B); R.C. 2907.06(A)(4); R.C. 2907.07(A) and (C); R.C. 2907.21(A)(2), (3), (4) and (B); R.C. 2907.22(B); R.C.2907.322(B)(2), etc. To date, the constitutionality of these statutes has not been successfully challenged.
Based upon the foregoing, we have concluded that R.C. 2903.13(C)(3) does not contain a mens rea requirement. Further, the lack of a mens rea requirement in this sentence enhancement provision does not violate the due process interests set forth by the Supreme Court in Apprendi v. New Jersey, as long as the victim's status as a peace officer is submitted to the jury and proven beyond a reasonable doubt. Accordingly, we overrule the second and third assignments of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ JUDGE TERRENCE O'DONNELL