[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant Reginald Phillips was found guilty of assault on a police officer in violation of R.C. 2903.13(A). Phillips was thereafter sentenced as appears of record. On appeal, Phillips now presents three assignments of error, none of which we find to be well taken.
On March 9, 2000, Officer Robert Johnson responded to a radio dispatch regarding a disorderly man refusing to leave a junkyard in Hamilton County. When the officer arrived on the scene, the officer observed Phillips holding a can of beer. According to Officer Johnson, Phillips cursed at him, threw the beer aside, and began to walk away. Officer Johnson asked Phillips to stop so that he could be issued a citation for an open-flask violation and obstruction. During this time, Officer Christopher Taylor arrived on the scene. As Officer Johnson attempted to detain Phillips, Phillips resisted by flinging back his hand and assuming a fighting stance. Officer Taylor sprayed Phillips with mace, and Phillips started swinging his fists at Officer Taylor. According to both officers, Phillips hit Officer Taylor in the face, breaking his glasses and injuring his eye.
Phillips testified at trial that he never hit Officer Taylor and that he did not intend to hit the officer. According to Phillips, he was not drunk, but he was nonetheless maced, handcuffed, and arrested by the officers.
In the first assignment of error, Phillips challenges the sufficiency of the evidence. In the third assignment of error, Phillips maintains that the conviction is against the manifest weight of the evidence. We address both assignments together.
After reviewing the record in the light most favorable to the state, we conclude that there was sufficient evidence adduced at trial to support the jury's guilty verdict.[1] Officer Johnson testified that Phillips assumed a fighting stance, and both officers testified that once he was sprayed with mace, Phillips hit Officer Taylor in the face. Moreover, although Phillips denied hitting Officer Taylor, the weight to be given to the evidence and the credibility of the witnesses was primarily for the jury to decide.[2] Given that, we further conclude that, in resolving the conflict between the officers' and Phillips's testimony, the jury did not lose its way in returning a guilty verdict.[3]
Accordingly, the first and third assignments are overruled.
In the second assignment of error, Phillips maintains that the trial court erred in refusing to give a proffered jury instruction for the lesser-included offenses of resisting arrest and disorderly conduct. Generally, a trial court has broad discretion in deciding how to fashion jury instructions.[4] But to decide whether a jury instruction on a lesser-included offense is necessary, the trial court must determine whether the offense on which the instruction is requested is a lesser-included offense of the crime charged, and whether the evidence supports an instruction on the lesser-included offense.[5]
Even if we assume that resisting arrest and disorderly conduct are lesser-included offenses of assault on a police officer, Phillips was not automatically entitled to a jury instruction on them. A charge on a lesser-included offense is required only where the evidence at trial would reasonably support an acquittal on the greater crime charged and a conviction on the lesser-included offense.[6] Because the evidence does not reasonably support an acquittal for assault and a conviction for resisting arrest or disorderly conduct, we are unpersuaded that the trial court erred in failing to give Phillips's requested instruction on the lesser-included offenses. This assignment is overruled.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[3] See State v. Thompkins, supra, at 386-387,678 N.E.2d at 546-547.
[4] See State v. Wolons (1989), 44 Ohio St.3d 64, 541 N.E.2d 443, paragraph two of the syllabus.
[5] See State v. Kidder (1987), 32 Ohio St.3d 279, 280, 513 N.E.2d 311,314.
[6] See State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus.