{¶ 54} I respectfully dissent from the majority's conclusion that the trial court erred in instructing the jury on deadly force against trespassers and failing to instruct on negligent assault.
 {¶ 55} First, the jury instruction given with regard to the use of deadly force against a trespasser was not an affirmative defense that shifted the burden of proof to appellant, thereby requiring that he prove that the use of deadly force was justified. Appellant attested that he fired the shots to scare the trespasser off his property; i.e., that his conduct was justified.
 {¶ 56} Although appellant stated at trial that his shooting McAuley was "accidental," the defense of accident is completely inapposite to the facts of this case, in light of appellant's testimony that he fired all six shots in McAuley's direction. Such conduct hardly constitutes a "mere physical happening or event, out of the usual order of things and not reasonably (anticipated) (foreseen) as a natural or probable result of a lawful act." 4 Ohio Jury Instructions (2000), Section 411.01, at 69. Further, the record is devoid of any indication that appellant requested an instruction on accident. Thus, the trial court's jury instruction regarding the use of deadly force against a trespasser was relevant to the facts of this case, a proper statement of the law, and not covered in the general jury charge.
 {¶ 57} Second, under the facts of this case, the trial court did not err in failing to instruct the jury on negligent assault. While I agree that negligent assault may be statutorily defined as a lesser included offense of felonious assault, "a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 58} In this case, the evidence presented at trial would not reasonably support both an acquittal on felonious assault, as charged, and a conviction upon negligent assault, the lesser included offense. In order to prove felonious assault under R.C. 2903.11(A)(2), the prosecution was required to show that appellant knowingly caused physical harm to McAuley by means of a deadly weapon or dangerous ordnance. To convict appellant of negligent assault, the prosecution would have had the burden of proving that appellant negligently caused physical harm to McAuley, by means of a deadly weapon or dangerous ordnance.
 {¶ 59} Appellant, a self-described expert marksman, testified that, from a distance of approximately fifty feet, he fired his weapon in McAuley's direction twice and in the creek bank next to McAuley four times. The evidence, including appellant's testimony, demonstrates that appellant's actions were not merely negligent. As such, I must conclude that the evidence presented at trial would not reasonably support an acquittal on the greater charge of felonious assault and a conviction on the lesser offense of negligent assault. Thus, the instruction on negligent assault was not required.
 {¶ 60} In light of the foregoing, I would affirm the judgment of the trial court.