{¶ 46} I respectfully dissent. I do not believe the trial court was required to give an instruction on robbery.
 {¶ 47} A jury instruction on a lesser included offense is only required if the evidence would reasonably support a conviction on the lesser included offense, as well as an acquittal on the indicted offense. State v. Thomas (1988),40 Ohio St.3d 213, paragraph two of the syllabus. Otherwise, an instruction on the lesser included offense is not required. See,State v. Monroe, 105 Ohio St.3d 384, 2005-Ohio-2282, at ¶ 37.
 {¶ 48} Smith testified he did not own a gun, so he could not have possessed a gun at the BP store. Smith's speculative testimony did not warrant an instruction on the lesser included offense of robbery. If Smith's testimony were believed, it would warrant an acquittal under both R.C. 2911.01(A)(1) and2911.02(A)(1), since he would not have been in possession of a deadly weapon.
 {¶ 49} Smith argues he was entitled to this instruction because the videotape from the security cameras at the BP store and still pictures taken from that camera do not show a firearm. Kenda Learn and Alicea both testified that the gun is not visible in the images taken from the videotape. Alicea explained where the gun was and that the camera's viewpoint was obstructed.
 {¶ 50} The videotape and the still pictures taken from it do not show that Smith brandished or displayed a gun at the BP station. Nor, logically, does this pictorial evidence reveal that Smith had a gun concealed on his person at the BP station. However, Alicea testified that Smith pointed a nine millimeter gun at her. She knew it was a nine millimeter weapon because her brother had previously shown her his nine millimeter handgun. In sum, the state's evidence demonstrated the defendant brandished a gun inside the BP store.
 {¶ 51} The defense did not present any evidence that Smith carried a concealed deadly weapon on the night of the crime. Smith's testimony was that he did not have a gun on the night in question. Thus, there was no evidence presented, from either side, suggesting that Smith was carrying a concealed deadly weapon while in the BP store.
 {¶ 52} The trial court did not err in declining to instruct the jury on the lesser included offense of robbery.
 {¶ 53} The judgment of the trial court should be affirmed.