OPINION. *Page 2 
{¶ 1} In three assignments of error, defendant-appellant Frank Sofer claims that he was improperly convicted of one count of murder and two counts of felonious assault. Because his arguments lack merit, we affirm.
 Arrest after 27 Years of Flight {¶ 2} Sofer attended a picnic with his girlfriend, Jessie Marie Clark, and her family on Memorial Day in 1978. Testimony at trial indicated that Sofer had consumed a large amount of alcohol and was heavily intoxicated. Clark left the picnic to return to her home to meet Jimenez Mitchell. Clark had asked Mitchell, a carpenter, to fix the front porch on her home, and Mitchell had agreed to look at it. Sofer followed Clark, jealous that she was going to meet another man. Sofer approached the two, who were talking by the front porch, produced a revolver, and began firing. Clark was killed and Mitchell was paralyzed as a result. As Sofer was about to shoot Mitchell in the head, members of Clark's family intervened. As a result, the shot struck Mitchell in the leg. Family members wrestled the gun from Sofer, but he was able to reach his car and escape. An arrest warrant issued shortly after the incident.
 {¶ 3} Sofer remained on the run for 27 years, using assumed identities and living in Alabama, Louisiana, Texas, Oklahoma, Utah, and Cleveland, Ohio. After he was diagnosed with prostate cancer, he returned to Cincinnati to spend his last days with his family. An anonymous tipster called Crimestoppers and informed police that Sofer was in town and staying with family at a residence on May Street. The informant indicated that Sofer was present in the home and described what he was *Page 3 
wearing. The informant also indicated that he would leave the side door of the home open to allow police to enter.
 {¶ 4} Police arrived at the home and found the door unlocked as the informant had promised. Sofer was found in the living room and was wearing the clothes the informant had described. Sofer originally gave the officers one of his assumed identities, but later admitted who he was when police found a piece of paper with his name on it in his wallet. Sofer was arrested pursuant to the arrest warrant. He was armed at the time of his arrest.
 {¶ 5} After he was taken for interrogation, detectives advised Sofer of his Miranda rights both orally and in writing. Sofer signed a waiver form and agreed to talk to the detectives. He admitted being present at Clark's home, but claimed that he could not recall the incidents in question because of the "psychological need" to repress traumatic memories. He would neither confirm nor deny that he was involved in the shooting.
 {¶ 6} While he was avoiding apprehension, the Hamilton County Grand Jury had indicted Sofer on one count of aggravated murder[1] and two counts of felonious assault.[2] At trial, the state asked the trial court to instruct the jury on the lesser-included offense of murder.[3] Sofer was convicted of one count of murder and two counts of felonious assault and sentenced accordingly.
 Arrest Warrant Was Properly Executed {¶ 7} In his first assignment of error, Sofer argues that the trial court improperly denied his motion to suppress. Sofer argues that, in the absence of a *Page 4 
search warrant, the entry into the home based on the anonymous tip was improper. We disagree.
 {¶ 8} Initially, we note that Sofer argues that the trial court should have dismissed the case based on this claimed impropriety. While Sofer had filed a motion to dismiss in the trial court, the basis of that motion was the claim that the indictment had been untimely — an issue not raised in this appeal. But even if Sofer was correct in his argument that the arrest warrant was improperly executed, the state correctly notes that an illegal arrest would not have required the dismissal of the charges.[4]
 {¶ 9} The United State Supreme Court has held that, for Fourth Amendment purposes, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."[5] Sofer does not challenge the validity of the arrest warrant and admits in his brief that he "had been residing at the May Street address and, therefore, had an expectation of privacy * * *."
 {¶ 10} In this case, the police had sufficient reason to believe that Sofer was in the home. They had received an anonymous tip indicating that he was present, what he was wearing, and that the side door would be left unlocked for them. When they arrived at the home, they found the door unlocked as promised. Upon entry, they found Sofer wearing the clothes that had been described. The police, without a search warrant, consent, or exigent circumstances, may enter the residence of a person to execute an active arrest warrant.[6] *Page 5 
 {¶ 11} For these reasons, the trial court properly denied Sofer's motion to suppress, and his first assignment of error is overruled.
 The Trial Court Properly Instructed the Jury on the Lesser-Included Offense of Murder {¶ 12} In his second assignment of error, Sofer argues that the trial court improperly instructed the jury on the lesser-included offense of murder[7] over his objection. We disagree.
 {¶ 13} Contrary to Sofer's implied argument, we agree with the state that Sofer did not have the right to prevent the jury from being instructed on a lesser-included offense. A jury instruction on a lesser-included offense is appropriate when the evidence presented at trial supports an acquittal on the crime charged and a conviction on the lesser-included-offense.[8] While a defendant can waive the right to have a lesser-included offense instruction given,[9] he does not have the right to prevent one from being given when appropriate.[10]
 {¶ 14} While Sofer did not argue that the instruction was otherwise improper, we note that murder under R.C. 2903.02 is a lesser-included offense of aggravated murder under R.C. 2903.01(A).[11] Given the testimony regarding the extent of Sofer's intoxication on the day of the shooting, we also conclude that there was sufficient evidence to negate the "prior calculation and design" element of aggravated murder. Since the sole difference between murder and aggravated murder is that element,[12] *Page 6 
"the evidence presented at trial would [have] reasonably supported] both an acquittal on the crime charged and a conviction upon the lesser included offense."[13]
 {¶ 15} For these reasons, Sofer's second assignment of error is overruled.
 Comments About Sofer's Statements Did Not Constitute Prosecutorial Misconduct {¶ 16} In his final assignment of error, Sofer argues that the prosecutor engaged in misconduct by commenting on his post-Miranda silence. We disagree.
 {¶ 17} After Sofer had been given his Miranda warnings, Sofer agreed to talk to police. In response to a question by the state regarding whether he had ever given an actual confession, the interviewing detective testified that "[h]e did not say that he did it, no. But he did not refute the fact that he did it either. He said he was not going to say that he did it or say that he didn't do it." This testimony was given without objection.
 {¶ 18} During both its opening statement and its closing argument, the state made reference to Sofer's interview with police. In its opening statement, the state said that "he never denies shooting Jessie Marie Clark or Jimenez Mitchell. Rather, he states, `I don't remember doing it and I don't say I didn't do it.'" In its closing argument, the state said that "[h]e didn't say he did. He didn't say he didn't do it."
 {¶ 19} Contrary to Sofer's argument, these statements were not comments on his invocation of his right to remain silent. Sofer did not invoke that right — he chose to speak to police after bring properly advised of the consequences of that choice. Where a defendant chooses not to exercise his right to silence, he has not relied on hisMiranda rights and the attendant promise that his silence cannot be used against *Page 7 
him.[14] "If a defendant voluntarily offers information to police, his toying with the authorities by allegedly telling only part of his story is certainly not protected by Miranda or Doyle."[15]
 {¶ 20} For these reasons, we cannot agree that the state improperly commented on Sofer's invocation of the right to remain silent. His third assignment of error is overruled.
 Conclusion {¶ 21} Having reviewed Sofer's assignments of error, we find merit in none of them. Since the police had a valid arrest warrant, they appropriately entered his home to effectuate his arrest. The trial court properly instructed the jury on the lesser-included offense of murder, over Sofer's objection, where the evidence supported an acquittal of the charged offense while also supporting a conviction for the lesser-included offense. Finally, the state did not improperly comment on Sofer's silence where he had freely spoken to police and had not invoked his right to remain silent. Accordingly, we overrule the three assignments of error and affirm the trial court's judgment.
Judgment affirmed.
SUNDERMANN, P.J., and HlLDEBRANDT, J., concur.
[1] R.C. 2903.01(A).
[2] R.C. 2903.11(A)(1) and 2903.11(A)(2).
[3] R.C. 2903.02.
[4] See United States v. Crews (1980), 445 U.S. 463, 474,100 S.Ct. 1244; State v. Hablutzel (Nov. 23, 1988), 1st Dist. Nos. C-870789, C-870790, and C-870791.
[5] Payton v. New York (1980), 445 U.S. 573, 603, 100 S.Ct. 1371.
[6] See State v. Swan, 9th Dist. No. 22939, 2006-Ohio-2692, ¶ 16, citing Payton, supra.
[7] R.C. 2903.02.
[8] State v. Schmidt (1995), 100 Ohio App.3d 167, 171, 652 N.E.2d 254, citing State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286.
[9] See State v. Clayton (1980), 62 Ohio St.2d 45, 47-48,402 N.E.2d 1189.
[10] Id., citing State v. Seymour (Nov. 9, 1993), 4th Dist. No. 90-CA-38; see, also, State v. Paschal (Apr. 20, 2001), 2nd Dist. No. 18262 ("[t]he trial court was required to instruct the jury on the lesser included offense, and Defendant had no right to prevent that lesser included offense instruction").
[11] State v. Monroe, 105 Ohio St.3d 384, 2005-Ohio-2282,827 N.E.2d 285, ¶ 36.
[12] Id.
[13] State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus.
[14] State v. Osborne (1977), 50 Ohio St.2d 211, 364 N.E.2d 216, vacated on other grounds sub nom. Osborne v. Ohio (1978), 438 U.S. 911,98 S.Ct. 3136; State v. Gillard (1988), 40 Ohio St.3d 226,533 N.E.2d 272, rehearing denied, 41 Ohio St.3d 723, 535 N.E.2d 315.
[15] Id. *Page 1