2001 OK CR 18

**John A. GRAHAM, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2000–830.

Court of Criminal Appeals of Oklahoma.

June 21, 2001.

An Appeal from the District Court of Oklahoma County; Honorable Susan W. Bragg, District Judge.

Janet Cox, Oklahoma County Public Defender's Office, Assistant Public Defender, Oklahoma City, OK, Attorney for Defendant at trial.

Christy Reid, Assistant District Attorney, Oklahoma City, OK, Attorneys for the State at trial.

Carolyn L. Merritt, Oklahoma County Public Defender's Office, Assistant Public Defender, Oklahoma City, OK, Attorney For Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Diane L. Slayton, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee on appeal.

### *OPINION*

CHAPEL, Judge:

¶ 1 John A. Graham was tried by jury in the District Court of Oklahoma County, Case No. CF–99–4213. He was convicted of Count I: Unauthorized Use of a Motor Vehicle in violation of 47 O.S.Supp.2000, § 4–102, After Former Conviction of Two or More Felonies and Count II: Attempting to Elude an Officer in violation of 21 O.S.Supp.2000, § 540(A). In accordance with the jury's recommendation, the Honorable Susan W. Bragg sentenced Graham to twenty (20) years imprisonment on Count I and a $2,000.00 fine on Count II. Graham has perfected his appeal to this Court.

¶ 2 On July 18, 1999, Oklahoma City Police Officer Michael Klicka attempted to stop a westbound brown 1985 Oldsmobile on I–40 for an expired tag violation. Graham, the driver, refused to stop as he "suspected that the car was stolen" and feared incarceration for violating his probation. Graham exited

I–40 into a residential neighborhood and attempted to elude the officer, first in the vehicle then on foot. He was soon apprehended by Officers Klicka and Marston. Subsequent investigation revealed that the car had been stolen from Alunda Nungesser between July 15–18, 1999. In a statement to police and during his trial testimony, Graham denied stealing the car but admitted knowing that it had probably been stolen when he borrowed it from a friend.

■ ¶ 3 In Proposition I, Graham asserts that the trial court erred in denying a request for additional instructions concerning the jury's consideration of the lesser-included offense, particularly since the prosecutor had erroneously argued that the jury had to unanimously reject the greater offense before they could consider the lesser offense. Count I charged Graham with Unauthorized Use of a Motor Vehicle. The trial court also instructed the jury on the lesser-included offense of Joyriding, stating that it should be considered "if you have a reasonable doubt of the defendant's guilt of the charge of Unauthorized Use of a Vehicle[.]"

¶ 4 During closing, the prosecutor asserted that the above-quoted language required decisional unanimity on the greater offense before the lesser could be considered:

> When you get back there—and Ms. Cox wants you to find him guilty of joyriding. The only way that you get to the joyriding jury instruction, first, you have to find out that he's not guilty of unauthorized use. The 12 of you have to agree that he's not guilty of unauthorized use of a motor vehicle before you can even consider the joyriding instruction. That's how the instructions read. It tells you if you find—if you have a reasonable doubt of the defendant's

guilt of unauthorized use, then you consider the joyriding.[1]

¶ 5 After some deliberation, the jury asked the trial court whether they had to be unanimous on the greater offense before they could consider the lesser offense, or could they "be divided." The trial court responded that "you have all the law and the evidence it is proper for you to consider. Please, continue your deliberations." In light of the prosecutor's erroneous closing argument, Graham objected to the trial court's response and requested that the jury be told to consider the instructions as a whole. The trial court denied Graham's request, in part because it believed the prosecutor's argument was legally correct. In so doing, the trial court erred.

■ ¶ 6 The trial court omitted OUJI CR–10–27 from its instructions:[2]

> If you have a reasonable doubt as to which offense the defendant may be guilty of, you may find him/her guilty only of the lesser offense. If you have a reasonable doubt as to the guilt of the defendant on all such offenses, you must find him/her not guilty of any crime.

Instruction 10–27 does not predicate consideration of a lesser offense on a unanimous verdict on the greater offense. Other jurisdictions have held that substantially similar instructions do not demand "acquittal first."[3] The jury need only attempt to reach a verdict on the greater offense, and may consider the lesser-included offense should its efforts fail.[4] The prosecutor therefore erred in his closing argument; the trial court compounded the error by failing to answer correctly the jury's question or issue the required Instruction 10–27.

---

1. Graham failed to object to the argument waiving all but plain error. *Selsor v. State*, 2 P.3d 344, 354 (Okl.Cr.2000).

2. OUJI–CR 2d 10–27, Notes on Use: "This instruction should be given in every case that involves a lesser included offense immediately after OUJI–CR 10–24."

3. The parties agree that this Court has never specifically stated whether we are an "acquittal first" or "reasonable efforts" jurisdiction and that other Courts interpreting instructions substantially similar to Oklahoma's have found that the instructions were not "acquittal first" instructions. See e.g., *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286, 293 (1988) (instruction informing jury that "if you have a reasonable doubt as to an element of the charged offense you will then proceed to lesser offense" does not require unanimous acquittal on the charged crime).

4. *Id.* at 291–93.

¶ 7 In cutting to the foundation of Graham's appeal, these mistakes constitute plain error. Graham defended the "unauthorized use" charge by admitting that he was guilty, but only of Joyriding. At least one juror, and probably more, must have initially harbored reasonable doubt over his guilt of the crime charged, or the questioning note would not have been sent. Moreover, the trial court compounded the misconception by stating that the jury had everything it needed to reach a decision, when in fact it did not given the court's critical omission of Uniform Instruction 10–27. Had the jury known that they could consider the lesser-included offense if deadlocked on the greater offense, it may have convicted Graham of Joyriding. What is more, 10–27 *mandates* that a juror with reasonable doubt over the defendant's guilt of the greater offense can only find a defendant guilty of the lesser offense.[5] Graham's conviction for Unauthorized Use of a Vehicle must be reversed and remanded for new trial.

¶ 8 Graham also asserts that the trial court erred by instructing the jury that his flight could be used as substantive evidence of his guilt. Graham did not object to the flight instruction, waiving all but plain error.[6] There was no error as Graham (1) admitted that he was driving the car and that he knew it was stolen and (2) fled the scene. Moreover, Graham conceded his guilt for the charged crimes in closing argument, asserting instead that the jury should find him guilty of Joyriding. Graham was not prejudiced by the flight instruction. This proposition is denied.

## Decision

¶ 9 The Judgment and Sentence for Count I: Unauthorized Use of a Motor Vehicle is REVERSED and REMANDED for a new trial. The Judgment and Sentence for Count II: Attempting to Elude a Police Officer is AFFIRMED.

JOHNSON, V.P.J. and STRUBHAR, J., concur.

LUMPKIN, P.J. and LILE, J., concur in results.

LUMPKIN, Presiding Judge: concurs in result.

¶ 1 This case presents an issue of instructional error only. Had the trial court issued OUJI–CR 2d 10–27, which is a clear and correct statement of the law, the problem would have been resolved.

¶ 2 Furthermore, this case does not present a question of first impression. *See, e.g., Bland v. State,* 2000 OK CR 11, ¶ 89, 4 P.3d 702, 726 (same argument raised, but rejected, based upon giving of OUJI–CR 2d 10–27); *Washington v. State,* 1999 OK CR 22, ¶ 39, 989 P.2d 960, 973 ("The jury was further instructed that it should consider first degree murder and if it entertained a reasonable doubt, then it should consider second degree murder as is required by OUJI CR2d 10–24."); *Childs v. State,* 68 Okla.Crim. 435, 99 P.2d 539, 540–41 (1940)(same instruction found fair and favorable to a defendant). Indeed, the Committee Comments regarding this instruction indicate careful consideration has been given in drafting it to comply with many of this Court's decisions and to comply with 22 O.S.1991, § 916.

¶ 3 Therefore, the Opinion now modifies this clear and correct statement of the law with an unnecessary instruction that is itself confusing, using a double negative in conjunction with the words unanimously and "may consider." I suspect this new instruc-

---

5. The current instruction can cause confusion. This Court prospectively modifies OUJI–CR 10–27 to read:

   If you are unable to agree unanimously that [defendant's name] is guilty of the charged offense, you may proceed to consider a lesser included offense upon which evidence has been presented. You are not required to determine unanimously that the defendant is not guilty of the crime charged before you may consider a lesser included offense. However, you must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense.

   We hold that this Instruction must be given whenever lesser-included instructions are given immediately after OUJI–CR 10–24.

6. *Hill v. State,* 898 P.2d 155, 163 (Okl.Cr.1995)(failure to object to flight instruction waives all but plain error).

tion, drafted with one set of facts in mind, may soon come back to haunt us. "Often, thinking to knot one thread, we tie another." Victor Hugo, *Les Miserables.* With that thought in mind, I can only concur in the result reached here.

¶4 I am authorized to state Judge Lile joins in this special vote.