**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN LEE BELL,

Petitioner - Appellant,

v.

DAVID C. MILLER, Warden,

Respondent - Appellee.

No. 09-5053

(N.D. Oklahoma)

(D.C. No. 4:05-CV-00393-TCK-PJC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

John Lee Bell was convicted of first-degree murder in Oklahoma state court and sentenced to life imprisonment. He filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. The court dismissed the application. Mr. Bell seeks a certificate of appealability (COA) to appeal the dismissal. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal dismissal of § 2254 application). Because a reasonable jurist could not debate the correctness of the district court's decision, we deny a COA and dismiss the appeal.

## I.    BACKGROUND

On November 11, 2001, Mr. Bell shot and killed his nephew Sylvester Okonoboh. He was charged in Oklahoma state court with first-degree murder. At

trial the jury was instructed on first-degree murder, as well as the lesser-included offenses of second-degree murder and first-degree manslaughter by misdemeanor. The jury convicted Mr. Bell of first-degree murder, and he was sentenced to life imprisonment on June 24, 2002.

After the jury verdict Mr. Bell filed a motion for new trial in which he contended that the trial court erred by failing to give a required jury instruction on lesser-included offenses. At the time, the Oklahoma uniform jury instruction, OUJI-CR 2d 10-27, provided: "You are not required to determine unanimously that the defendant is not guilty of the crime charged before you may consider a lesser included offense." R., Vol. I at 70. In *Graham v. State*, 27 P.3d 1026, 1028 n.5 (Okla. Crim. App. 2001), the Oklahoma Court of Criminal Appeals (OCCA) had held that this instruction was mandatory. (It has since been incorporated into OUJI-CR 2d 10-24.) The trial court denied Mr. Bell's motion for new trial.

On direct appeal to the OCCA, Mr. Bell raised two issues: (1) that the trial court committed plain error by failing to give a proper instruction regarding when to consider lesser-included offenses, and (2) that his trial counsel rendered ineffective assistance by failing to object to the jury instructions that were given. The OCCA denied Mr. Bell's appeal, concluding (1) that the failure to give the jury instruction did not rise to the level of plain error, and (2) that Mr. Bell had not shown that he was prejudiced by his trial counsel's allegedly deficient

-2-

performance, as required to establish ineffective assistance of counsel under

*Strickland v. Washington*, 466 U.S. 668 (1984).

Mr. Bell then sought postconviction relief in the Oklahoma trial court. His application raised four grounds for relief. First, he contended that his appellate counsel had rendered ineffective assistance by failing to argue that Mr. Bell had suffered prejudice because of his trial counsel's failure to object to the improper jury instructions. According to Mr. Bell, the state had failed to present sufficient evidence on the intent element of first-degree murder, and if the jury had been properly instructed that they need not unanimously determine that he had not committed the charged offense before considering any lesser-included offenses, he would not have been convicted of first-degree murder. Mr. Bell also contended that the prosecutor had engaged in misconduct by not instructing the jury about when it could consider lesser-included offenses, that the trial court had engaged in judicial misconduct by failing to instruct the jury properly, and that the trial court's failure to instruct the jury properly was plain error requiring reversal.

The trial court denied Mr. Bell's application for postconviction relief, and the OCCA affirmed on November 12, 2004. With regard to his claim of ineffective assistance of appellate counsel, the OCCA held that Mr. Bell had not shown that he was prejudiced by his appellate counsel's allegedly deficient performance. It noted that the jury had found that the evidence presented at trial

established the elements of first-degree murder beyond a reasonable doubt, and that Mr. Bell had not established why the jury findings would have been different if a lesser-included instruction had been given. Thus, it concluded, he had not established why the result of his direct appeal would have been different if his appellate counsel had argued that he was prejudiced by his trial counsel's failure to object to the improper jury instructions. The OCCA held that Mr. Bell's three remaining claims were procedurally barred because they either were raised or could have been raised in his direct appeal.

On July 12, 2005, Mr. Bell filed his § 2254 application in federal district court. He raised five grounds for relief: (1) that his trial counsel rendered ineffective assistance by failing to object to the jury instructions that were given, (2) that his appellate counsel rendered ineffective assistance by failing to argue that he had suffered prejudice because of his trial counsel's failure to object to the improper jury instructions, (3) that the prosecutor engaged in prosecutorial misconduct by failing to instruct the jury properly, (4) that the trial court's errors in instructing the jury constituted judicial misconduct, and (5) that the trial court's errors in instructing the jury constituted plain error requiring reversal. The district court dismissed the application. It concluded that Mr. Bell's prosecutorial-misconduct and judicial-misconduct claims were procedurally defaulted, and that the OCCA had appropriately rejected Mr. Bell's three remaining claims on the merits.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations, and internal quotation marks omitted). Therefore, for those of Mr. Bell's claims that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

It is unclear whether Mr. Bell is seeking a COA with respect to the district court's ruling that his prosecutorial- and judicial-misconduct claims were procedurally defaulted. In any event, no reasonable jurist could debate that ruling. The OCCA did not address the claims because Mr. Bell could have, but did not, raise them on direct appeal. We "may not consider issues raised in a

-6-

habeas [application] that have been defaulted in state court on an independent and adequate procedural ground unless the [applicant] can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (brackets and internal quotation marks omitted). We have held "that Oklahoma's procedural bar to most claims not raised on direct appeal (other than ineffective counsel claims) is independent and adequate." *Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000). Mr. Bell has not attempted to demonstrate cause and prejudice or a fundamental miscarriage of justice.

Nor could a reasonable jurist debate the district court's application of AEDPA deference to Mr. Bell's three remaining claims. To establish ineffective assistance of trial or appellate counsel, a defendant must establish (1) that his "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. On direct appeal the OCCA rejected Mr. Bell's claim of ineffective assistance of trial counsel because he had failed to establish the requisite prejudice under *Strickland*. Mr. Bell has not demonstrated that the OCCA's adjudication of this claim was an unreasonable application of the *Strickland* standard.

On postconviction review the OCCA likewise rejected Mr. Bell's claim of ineffective assistance of appellate counsel because he had failed to establish the

requisite prejudice under *Strickland*. Mr. Bell has not demonstrated that the OCCA's adjudication of this claim was an unreasonable application of the *Strickland* standard.

The OCCA rejected Mr. Bell's final claim—that the improper jury instructions on lesser-included offenses constituted plain error requiring reversal under *Graham*—on direct appeal. Mr. Bell has not suggested that its ruling was "contrary to, or involved an unreasonable application of, clearly established *Federal* law." 28 U.S.C. § 2254(d)(1) (emphasis added). His only argument is that the OCCA misapplied *Graham*, a state-law case. No reasonable jurist could debate that he is entitled to relief under § 2254 on this claim. *See Turrentine v. Mullin*, 390 F.3d 1181, 1195–96 (10th Cir. 2004) (relief under § 2254 is available only for violation of federal law).

## III.  CONCLUSION

We DENY Mr. Bell's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-8-