CONCURRING IN PART AND DISSENTING IN PART
SILER, Circuit Judge,
concurring in part and dissenting in part.
I concur in the conclusions in the majority opinion in Parts IV. and V, that is, I concur in the conclusions that Mitts has failed to satisfy the prejudice standard in both claims under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nevertheless, I would not comment upon the deficient performance prong under Strickland, because I believe it to be unnecessary.
However, I differ with the majority in its conclusion under Part III., that a writ of habeas corpus should issue because the jury instructions were unconstitutional. First, I would not authorize the issuance of a writ of habeas corpus in this case based upon the concurring opinion by Justice Stevens in Smith v. Spisak, 554 U.S. -, 130 S.Ct. 676, 689, 175 L.Ed.2d 595 (2010). It was not raised by Mitts in his brief in this court nor in the district court, and it was only brought up by our court during oral argument. Certainly, a concurring opinion in a recent case does not constitute “clearly established Federal law” as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). The holding in Spisak was “that the state court’s decision upholding these forms and instructions was not ‘contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States’ in Mills [486 U.S. 367, 108 S.Ct. 1860].” Spisak, 130 S.Ct. at 684. It also held that this court erred when it found jury instructions unconstitutional because they required “the jury to unanimously reject the death sentence before considering other sentencing alternatives.” Id. But the Court said that it had not “previously held jury instructions unconstitutional for this reason.” Id. Like Mitts, Spisak never cited Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), in the Supreme Court or in any lower court.
Moreover, the Supreme Court has never extended Beck to cover penalty-phase jury instructions. In his post-argument brief, Mitts has failed to cite any Supreme Court case which applied Beck to penalty-phase instructions. Instead, he cites only Murtishaw v. Woodford, 255 F.3d 926, 972 (9th Cir.2001).
*665 The Supreme Court found that the jury instructions in Spisak, just like the ones in our case, meet the test under AEDPA, 28 U.S.C. § 2254(b)(1), that is, that the state court’s decision on the mitigation jury instructions was not contrary to, or an unreasonable application of, clearly established Federal law.
I also believe that Mitts is now precluded from raising the Beck issue at this late time. He has never challenged his jury instructions under Beck, either in state court or in his habeas petition. Such an issue was raised in Goff v. Bagley, 601 F.3d 445 (6th Cir.2010), where we would not rule on a last-minute Beck question when “neither Goff nor any previous court below referred to Beck ... or identified any other precedent from th[e Supreme] Court setting forth this rule.” Id. at 459. (quoting Spisak, 130 S.Ct. at 684). Thus, we declined in Goff to consider the case under the Beck principle, even though the dissent suggested that we should. The majority herein suggests that the Beck principle was raised by Mitts because the Ohio Supreme Court referred to State v. Thomas, 40 Ohio St.3d 213, 533 N.E.2d 286, 293 (1988), which cited Beck. I do not think that Mitts preserved this issue, but even if he did, Beck does not apply in our situation. I would affirm the district court’s denial of the writ of habeas corpus.