[Cite as *State v. Lottie*, 2023-Ohio-3738.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2022 CA 0084 |
| BURNES A. LOTTIE, II | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Richland County Court of Common Pleas, Case No. 2022-CR-501N


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 13, 2023


APPEARANCES:


For Plaintiff-Appellee

GARY D. BISHOP
Prosecuting Attorney
Richland County, Ohio

JODIE SCHUMACHER
Assistant Prosecuting Attorney
38 South Park Street, Second Floor
Mansfield, Ohio 44902

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road – Suite #200
Westerville, Ohio 43082

*Hoffman, P.J.*

**{¶1}**   Defendant-appellant Burns A Lottie, II appeals the judgment entered by the Richland County Common Pleas Court convicting him following jury trial of assault (R.C. 2903.13(A),(C)(4)(a)) and sentencing him to twelve months incarceration.   Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}**   On June 6, 2022, Appellant was booked at the Richland County Jail.  During processing, Appellant was in a holding cell, from which he yelled statements he was going to kill himself.  Corrections Officer Zachary Brandt was working in the booking area of the jail.  Officer Brandt began to process Appellant in accordance with the jail policy for a suicidal person, which required Appellant to take off his clothes, undergo a strip search, and put on a suicide prevention suit.  Appellant was initially cooperative with the process of removing his clothes.  However, when asked to remove his socks, Appellant got into a fighting stance and told Officer Brandt, "Come take it from me, bitch."  Tr. 175.

**{¶3}**   Officer Brandt realized he would need backup, and turned around to call for help from a male officer due to the fact Appellant was naked.  When Officer Brandt opened the door of the cell, Appellant tried to exit.  Officer Brandt placed a hand on Appellant's chest to stop Appellant from exiting the cell while naked.  Appellant grabbed the officer in the neck area.  Officer Brandt pulled Appellant out of the cell so they would not be locked inside together, and attempted to take Appellant to the ground.  A scuffle ensued, during which Officer Brandt hit his head on the floor.  Officers gained control of Appellant, and Officer Brandt was taken for treatment.  Officer Brandt suffered a laceration on his head which required four staples to close.

**{¶4}** After the incident, Officer Alec Mills interviewed Appellant. Appellant stated after Officer Brandt put a hand on him, Appellant struck the officer two times in the face with a closed fist and put the officer in a chokehold. Appellant stated he thought about snapping the officer's neck, but decided not to do so. Appellant stated he behaved in this manner because he did not like the officer's attitude.

**{¶5}** Appellant was indicted by the Richland County Grand Jury with one count of felonious assault as a felony of the second degree, and one count of assault as a felony of the fifth degree. The case proceeded to jury trial. The jury found Appellant not guilty of felonious assault, but guilty of assault. The trial court convicted Appellant in accordance with the jury's verdict, and sentenced Appellant to twelve months incarceration. It is from the November 21, 2022 judgment Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO PROVIDE A JURY INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF DISORDERLY CONDUCT.

**{¶6}** Appellant argues the trial court erred in denying his request for a lesser-included offense instruction on the crime of disorderly conduct.

**{¶7}** A jury charge on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser or inferior offense. *See, e.g., State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. In making this

determination, the court must view the evidence in a light most favorable to the defendant. *State v. Smith,* 89 Ohio St.3d 323, 331, 731 N.E.2d 645 (2000). Nevertheless, an instruction is not warranted every time any evidence is presented on a lesser-included offense. There must be sufficient evidence to allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser-included offense. *State v. Shane*, 63 Ohio St.3d at 632-633, 590 N.E.2d 272; *State v. Conway*, 108 Ohio St.3d 214, 240, 2006-Ohio-791, 842 N.E.2d 996, 1027, at ¶ 134.

{¶8} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. *State v. Miku*, 5th Dist. Stark, 2018-Ohio-1584, 111 N.E.3d 558, ¶ 53.

{¶9} Appellant was convicted of assault in violation of R.C. 2903.13(A), (C)(4)(a):

(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

(C) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree:

(4)The offense occurs in or on the grounds of a local correctional facility, the victim of the offense is an employee of the local correctional facility or a probation department or is on the premises of the facility for business purposes or as a visitor, and the offense is committed by a person who is under custody in the facility subsequent to the person's arrest for any crime or delinquent act, subsequent to the person's being charged with or

convicted of any crime, or subsequent to the person's being alleged to be or adjudicated a delinquent child.

{¶10} Appellant argues the trial court abused its discretion in denying his request for an instruction on the offense of disorderly conduct as a lesser-included offense of assault. Disorderly conduct is defined by R.C. 2917.11(A)(1):

(A)No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior.

{¶11} Appellant argues viewing the evidence in a light most favorable to him, the evidence reasonably supported acquittal of assault and conviction of disorderly conduct. He argues the evidence supported acquittal of assault on the basis Officer Brandt caused his own head injury when he took Appellant to the ground, while supporting a conviction for disorderly conduct based on Appellant's turbulent behavior.

{¶12} While evidence of Officer Brandt's head injury was the only evidence supporting the element of serious physical harm required to support a conviction for the charge of felonious assault[1] of which Appellant was acquitted, we find sufficient evidence independent of the officer striking his head on the floor during the fight supports the assault conviction. Appellant admitted to Officer Wells he struck Officer Brandt twice in

---

[1] R.C. 2903.11(A)(1) defines felonious assault as knowingly causing serious physical harm to another.

the face with his closed fist and placed the officer in a chokehold.  Appellant admitted he thought about snapping the officer's neck.  Officer Brandt testified Appellant grabbed him by the neck.  After the officer took Appellant to the ground, striking his head, the officer was still unable to gain control of Appellant without the aid of other officers.  We find the evidence in the instant case would not support a conviction of disorderly conduct and an acquittal of assault.

{¶13}  The assignment of error is overruled.  The judgment of the Richland County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur